# EXHIBIT

# 7



Mark Butler
570 Seventh Ave.
20th Floor
New York, NY 10018

Tel: (212)-986-4500
Fax: (212)-986-4501
mbutler@hhplawny.com

June 18, 2013

Mr. Michael J. Burns, Esq. (via email and FedEx Overnight)
MBurns@seyfarth.com
Mr. Eric R. McDonough, Esq. (via email only)
Emcdonough@seyfarth.com
Mr. Eugene S. Suh, Esq. (via email only)
ESuh@seyfarth.com
SEYFARTH SHAW LLP
560 Mission Street, Suite 3100
San Francisco, CA  94105

    Re:    *Alexander Fah v. Wolverine World Wide, Inc.*, No. SACV 13-0010 JVS (JPRx)

Dear Counsel:

    In accordance with Local Rule ("L.R.") 37-1 of the U.S. District Court for the Central District of California ("C.D. Cal."), we write to request a conference to address the following issues raised by Defendant Wolverine World Wide, Inc.'s ("Defendant") Rule 26(a)(1) Initial Disclosures ("Defendant's Initial Disclosures").

**I.**  **Defendant's Initial Disclosures Violate the Court's January 25, 2013 Order Setting 26(F) Scheduling Conference ("January 25 Order") and Fed. R. Civ. P. ("Rule") 26(A)(1)(A)(ii) and (E) By Incorrectly Limiting the Categories of Documents, ESI, and Tangible Things to Only Those Relating to Men's Merrell Barefoot Run Trail Glove Shoes Instead of Documents Relating to the Merrell Barefoot Shoes, As Defined In The Complaint**

    Defendant's Initial Disclosures, untimely served on June 10, 2013, five weeks beyond the Court-ordered deadline,[1] identified three categories of documents, ESI, and tangible things under Rule 26(a)(1)(A)(ii), that Defendant "may use in support of its claim in this action." *Id.* at 5. Defendant, however, inappropriately limited its response to "men's Merrell Barefoot Run Trail

---

[1] The January 25 Order required Initial Disclosures to be exchanged by May 6, 2013. *Id.* at 2; *see also* Letters from Mark Butler to Eric McDonough, Michael Burns, and Eugene Suh dated May 17, 24 and 29, 2013.

HORWITZ, HORWITZ & PARADIS

June 18, 2013
Page 2 of 3

Glove shoes." *Id.* This disclosure is incomplete.

Under Rule 26(a)(1)(A)(ii), "a party must, without awaiting a discovery request, provide to the other parties . . . a copy—or a description by category and location—of all documents, [ESI], and tangible things that the disclosing party has in its possession, custody, or control and **may use** to support its claims or defenses . . . ." (Emphasis added). Moreover, the Court's January 25 Order stated,

> [I]t is advisable for counsel to begin to conduct discovery actively before the Scheduling Conference. At the very least, the parties **shall comply fully with the letter and spirit of Rule 26(a)** and thereby **obtain and produce most of what would be produced in the early stage of discovery**. . . .

*Id.* at 2 (emphasis added).

Plaintiff has asserted claims on behalf of a class of "all persons who purchased any shoe either marketed as part of Merrell's Barefoot shoe collection and/or containing the term 'Barefoot' in its name (a 'Merrell Barefoot Shoe') in the State of California at any time from January 1, 2011 through the present" (the "Class"). *See, e.g.,* First Amended Class Action Complaint (the "Complaint"), ¶ 1. Therefore, all documents, ESI, and tangible things concerning *all* Merrell Barefoot Shoes ("MBS") are relevant to class certification and merits issues, which are inextricably intertwined in this action. With respect to class certification, documents, ESI, and tangible things concerning all MBS are relevant to, among other things, commonality. Additionally, documents, ESI, and tangible things concerning all MBS are relevant to the merits-based inquiry of whether Defendant made false representations concerning all of the MBS, as set forth in the Complaint. *See, e.g., Colucci v. Zoneperfect Nutrition,* No. 12-2907-SC, 2012 U.S. Dist. LEXIS 183050, at *11 (C.D. Cal. Dec. 28, 2012) ("[T]he critical inquiry seems to be whether there is sufficient similarity between the products purchased and not purchased" and concluding that the plaintiff had standing to represent purchasers of nineteen different nutrition bars); *see also Marcus v. BMW of N. Am., LLC,* 687 F.3d 583 (3d Cir. 2012) (holding that plaintiff could represent owners and lessees of 49 different tire designs and sizes because "[w]hen a class includes purchasers of a variety of different products, a named plaintiff that purchases only one type of product satisfies the typicality requirement if the alleged misrepresentations or omissions apply uniformly across the different product types."); *Tucker v. Ohtsu Tire & Rubber Co.,* 191 F.R.D. 495, 497 (D. Md. 2000) ("[E]ven though [the other lawsuit against the same Defendant] relates to a light truck tire, not a passenger tire as is at issue here, the plaintiffs have established threshold relevance, as required by Fed. R. Civ. P. 26(b)(1) and Fed. R. Evid. 401"). Defendant has no basis in law or fact to ignore the class allegations in the Complaint, and provide Rule 26(a) disclosure as if this were an individual action based on only one type of MBS.

HORWITZ, HORWITZ & PARADIS

June 18, 2013
Page 3 of 3

      Therefore, the disclosures in Defendant's Initial Disclosures are incomplete, violate both the letter and spirit of Rule 26(a)(1)(A)(ii) and 26(a)(1)(E), and this Court's January 25 Order, and therefore, require immediate amendment.

**II.     Conclusion**

      Accordingly, we request that you provide us with your availability for a telephonic conference pursuant to L.R. 37-1, at which time we can attempt to resolve this dispute. If we cannot resolve the foregoing issue, Plaintiff will file a motion to compel a complete disclosure of documents, ESI, and tangible things that Defendant may use in support of its claims or defenses.

      Regards,

      Mark Butler